IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARNEY WASHINGTON,

       Petitioner,                     No. CIV S-11-0230 GGH P

   vs.

G. SWARTHOUT,

                                    ORDER &amp;
       Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

       On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id. While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[1] the

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010),

1

1  Supreme Court stated:

2        When, however, a State creates a liberty interest, the Due Process
         Clause requires fair procedures for its vindication-and federal
3        courts will review the application of those constitutionally required
         procedures. In the context of parole, we have held that the
4        procedures required are minimal.

5  Swarthout v. Cooke, at *2.

6        Citing Greenholtz,[2] the Supreme Court noted it had found under another state's

7  similar parole statute that a prisoner had "received adequate process" when "allowed an

8  opportunity to be heard" and "provided a statement of the reasons why parole was denied."

9  Swarthout, at *2. Noting their holding therein that "[t]he Constitution [] does not require more,"

10 the justices in the instances before them, found the prisoners had "received at least this amount of

11 process: They were allowed to speak at their parole hearings and to contest the evidence against

12 them, were afforded access to their records in advance, and were notified as to the reasons why

13 parole was denied." Id.

14       The Supreme Court was emphatic in asserting "[t]hat should have been the

15 beginning and the end of the federal habeas courts' inquiry...." Swarthout, at *3. "It will not do

16 to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id.

17 "No opinion of ours supports converting California's "some evidence" rule into a substantive

18 federal requirement." Id. Thus, it appears there is no federal due process requirement for a

19 "some evidence" review and it also appears that federal courts are precluded from review of the

20 _____

21 which further explained Hayward. Thus, the Supreme Court's decision in Swarthout, essentially
   overruled the general premise of Hayward. When circuit authority is overruled by the Supreme
22 Court, a district court is no longer bound by that authority, and need not wait until the authority is
   also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en
23 banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively
   overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those
24 decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting
   Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court
25 is not bound by Hayward.

26     [2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

state court's application of its "some evidence" standard.  Therefore, this case should be dismissed.

Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this case.

IT IS HEREBY RECOMMENDED that this petition be dismissed.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 31, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
wash0230.scrn